United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRIPLE A MACHINE SHOP INC., | No. C 07-02371 CRB |
| Plaintiff, | **ORDER** |
| v. | |
| THOMAS G. OLSEN, | |
| Defendant. | |

This case arises from a certification of facts filed by Administrative Law Judge ("ALJ") Paul Mapes pursuant to 33 U.S.C. § 927(b), setting forth facts justifying sanctions against the defendant, Thomas Olsen. Olsen, proceeding pro se, moves to dismiss the certification, which was incorporated into a complaint filed by the plaintiff Triple A Machine Shop, or in the alternative for summary judgment. In addition, Olsen moves for a competency hearing to determine whether he is sufficiently competent to proceed pro se. Because Olsen's arguments in favor of dismissal are unpersuasive, his motion to dismiss is DENIED. Although the Court is dubious of Olsen's claim of incompetence, Olsen will be permitted to present evidence of incompetence when the Court holds a hearing to consider the evidence warranting sanctions on Wednesday, January 9, 2008 at 3:30pm. The hearing scheduled for Friday, December 14, 2007 is VACATED.

**BACKGROUND**

The factual background underlying this case is amply laid out in Judge Mapes' certification of facts. See Certification of Facts (hereinafter "Certification"). In sum, Olsen filed a claim for injuries allegedly suffered while working for Triple A under the Longshore and Harbor Workers' Compensation Act in 1978 (hereinafter "LHWCA"). Id. at 2. In 1982, Olsen was awarded permanent disability benefits, but in the late 1990s, Triple A obtained information suggesting that Olsen was not in fact totally disabled and that he had been profitably operating various businesses. See id. Accordingly, in 1999, Triple A filed a request seeking to have Olsen's payments reduced or terminated pursuant to 33 U.S.C. § 922, which permits a modification of disability benefits "on the ground of a change in conditions or because of a mistake in a determination of fact by the deputy commissioner."

Almost immediately after Triple A requested a modification in the award, Olsen began engaging in a series of acts that the ALJ concluded were "plainly intended to prevent or at least delay Triple A's efforts to exercise its statutory right to have a hearing on its claim." Certification at 3. This conduct included, inter alia: (1) falsely alleging that Triple A's counsel had privileged discussions with Olsen about possible representation, in an attempt to disqualify the attorney; (2) attempting to force the recusal of the ALJ by filing a civil complaint against the judge; (3) attempting to intimidate the ALJ by threatening to cause the judge "various types of harm"; (4) making false allegations about statements made by a retired ALJ in Olsen's favor; (5) making false allegations about statements made by a physician, in an effort to bolster the merits of his case; (6) altering, without authorization or notification, forms drafted on Department of Labor letterhead that would have released necessary medical records belonging to Olsen; (7) failing to submit telephone records in response to the ALJ's order; (8) failing to identify the physician who allegedly diagnosed Olsen as having cancer; (9) failing to promptly report discharge from a hospital; (10) repeatedly filing frivolous complaints and appeals for the purpose of delay; (11) making allegations about opposing counsel's ethical integrity and abuse of substances; (12) and threatening witnesses. See id. at 3-11.

2

Judge Mapes attempted to impose sanctions on Olsen by requiring that he obtain a lawyer before proceeding and by suspending Olsen's disability benefits until a trial on the proposed modification could be held, but the Department of Labor's Benefits Review Board held that because § 927(b) provides a mechanism for punishing disruptive conduct, ALJs do not have the authority to impose other or additional sanctions on litigants and must instead refer all sanctionable conduct to federal district courts. See id. at Attachment 7. Accordingly, Judge Mapes certified the underlying facts to this Court in order to obtain appropriate sanctions.

The Certification was filed in this Court on January 3, 2007. On May 1, 2007, Triple A filed a complaint for sanctions, which incorporated the Certification as an exhibit.

## DISCUSSION

A. Motion to Dismiss/for Summary Judgment

Olsen forwards three arguments in favor of dismissing Triple A's complaint, none of which are persuasive. First, Olsen argues that the Court lacks subject matter jurisdiction over actions brought under the LHWCA. Second, Olsen submits that any action for sanctions can only be prosecuted by the federal government, not by a private party. Finally, Olsen argues that the doctrine of res judicata precludes relief in this case because identical relief has been requested and rejected in prior cases.

*1. Subject Matter Jurisdiction*

Citing Thompson v. Potashnick Construction Co., 812 F.2d 574, 576 (9th Cir. 1987), Olsen asserts that the Court lacks jurisdiction over LHWCA actions. In Thompson, the Ninth Circuit explained that workers' compensation claims subject to the LHWCA are filed with the deputy commissioner and disputes requiring a hearing are referred to ALJs. Id. at 575-76 (citing 33 U.S.C. § 919). The role of district courts within this scheme "is limited." Id. at 576. However, Congress has provided three bases for a district court to exercise its jurisdiction to enforce orders issued by an ALJ pursuant to LHWCA. A-Z Int'l v. Phillips, 323 F.3d 1141, 1145 (9th Cir. 2003). Of particular relevance here, a district court has jurisdiction to "punish as contempt of court any disobedience or resistance to a lawful order

3

or process issued in the course of administrative procedures under [LHWCA]" pursuant to § 927(b). Id. at 1145-46 (quoting Stevedoring Services of America, Inc. v. Eggert, 953 F.2d 552, 555 (9th Cir. 1992)) (bracket in original). Thus, Congress has expressly created subject matter jurisdiction where, as here, the ALJ certifies facts to the appropriate district court demonstrating that "any person in proceedings before a deputy commissioner or Board [has] disobey[ed] or resist[ed] any lawful order or process, or misbehave[d] during a hearing or so near the place thereof as to obstruct the same, or neglect[ed] to produce, after having been ordered to do so, any pertinent book, paper, or document." 33 U.S.C. § 927(b).

*2. Form of Complaint*

Olsen takes issue with the fact that Triple A, rather than the United States government, is prosecuting this action for sanctions. According to Olsen, the LHWCA precludes parties other than the federal government from pursuing legal matters in district court and does not permit "a party to substitute itself in place stead of the U.S. Attorney or the Attorney General." Motion at 3.

The Ninth Circuit has not yet addressed the procedure to be employed as to how the ALJ's certified facts should be brought to the attention of the relevant district court. However, in dicta, the Ninth Circuit concluded that since the federal rules of civil procedure provide that "[a] civil action is commenced by filing a complaint with the [district] court," Fed. R. Civ. P. 3, "[i]t would . . . appear that someone – the Board, the Director, or a party – must file an initial pleading with the district court which incorporates the ALJ's certified facts." A-Z Int'l v. Phillips, 179 F.3d 1187, 1194 n.9 (9th Cir. 1999) (emphasis added).

Olsen sets forth no persuasive arguments explaining why the Ninth Circuit's analysis is off the mark. Triple A, as the party currently paying Olsen's benefits, has a direct and tangible interest in seeing civil sanctions imposed to compel Olsen to submit to a hearing on the merits of their claim.

Moreover, § 927(b) states that when an ALJ properly certifies facts to the district court, the court "shall thereupon in a summary manner hear the evidence as to the acts complained of." 33 U.S.C. § 927(b) (emphasis added). Congress' use of an imperative verb

4

1  – without providing for additional criteria before the certification must be heart – suggests
2  that imposing a limitation on the parties who can prosecute a case for sanctions would
3  contravene Congressional intent.  Therefore, Olsen's argument that Triple A cannot
4  prosecute this action must be rejected.

        *3. Res Judicata*

6      Olsen requests that the Court dismiss Triple A's lawsuit on the basis of res judicata.
7  According to Olsen, the sanctions sought in this proceeding "were sought word-fir[sic]-word
8  in the 10th circuit, then again twice in front of the 9th circuit, where the circuit court rules
9  [sic] no monetary sanctions."  Motion at 4.

10      Res judicata applies when an earlier suit "(1) involved the same 'claim' or cause of
11  action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical
12  parties or privies."  Sidhu v. Flecto Co., 279 F.3d 896, 900 (9th Cir. 2002).  Olsen has not
13  identified a prior suit that involved the same claim or cause of action as this case.  Olsen's
14  statement that the same sanctions were sought in other cases is a blatant misrepresentation.
15  Triple A did seek sanctions in the 10th Circuit against Olsen in 2002, but they have
16  submitted a copy of their brief before that court, which plainly establishes that Triple A
17  sought sanctions for Olsen's decision to file a potentially-frivolous appeal.  See Opposition at
18  Exh. 1.  Triple A did not seek sanctions pursuant to the ALJ's certification of facts in this
19  case.

20      In a related argument, Olsen states that because sanctions have already been sought,
21  "jeopardy has already attached."  Motion at 5.  According to Olsen, "even the ALJ who
22  referred these alleged contemptible acts notes in his own ruling that" jeopardy attached.  See
23  id. at 4-5.  Again, this allegation appears to be a baseless misrepresentation.  Nowhere did
24  Judge Mapes suggest that the double jeopardy clause barred sanctions in this case, nor would
25  he since jeopardy does not attach in civil proceedings.  See Hudson v. United States, 522
26  U.S. 93, 99 (1997) ("The Clause protects only against the imposition of multiple criminal
27  punishments for the same offense, and then only when such occurs in successive
28  proceedings.") (emphasis in original, citations omitted).

5

In sum, none of the arguments forwarded by Olsen in his motion to dismiss are persuasive. Accordingly, the motion is DENIED.

### B. Motion for a Competency Hearing

Olsen has also filed a motion for a competency hearing, requesting that these proceedings be stayed "until such time as I become medically able to rationally and intelligently, knowingly, and timely address the order(s) of the court." Motion at 2.

Rule 17(c) of the Federal Rules of Civil Procedure provides that "[t]he court shall appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the infant or incompetent person." "The preferred procedure when a substantial question exists regarding the mental competence of a party proceeding pro se is for the district court to conduct a hearing to determine whether or not the party is competent, so that a representative may be appointed if needed." Krain v. Smallwood, 880 F.2d 1119, 1121 (9th Cir. 1989).

After reviewing the content of Olsen's pleadings submitted to this Court, the Court concludes that there is not a substantial question regarding Olsen's mental competence. As Judge Mapes found, Olsen's goal since 2000 has been to prevent or at least delay Triple A's efforts to exercise its right to have a hearing on its claim that Olsen's disability benefits should be reduced or terminated. See Certification at 3. In light of that goal, it is hard to imagine an advocate who could have more competently and successfully forwarded Olsen's interests. Through a series of cumbersome – yet capable – filings and delay tactics, Olsen has successfully delayed a hearing on Triple A's claim for seven years. The competence of Olsen's representation cannot be questioned.

Nonetheless, in an abundance of caution, the Court will allow Olsen to present evidence of incompetence at the Court's hearing on Judge Mapes' certification of facts on Wednesday, January 9, 2008 at 3:30pm. Unless Olsen presents persuasive evidence and testimony demonstrating that he is mentally incompetent, the Court will conclude that the appointment of a guardian ad litem is unnecessary.

## CONCLUSION

The defendant's motion to dismiss is DENIED. Although the Court is inclined to conclude that Olsen is competent, Olsen will be permitted to present evidence of incompetence on January 9, 2008 when the Court, in a "summary manner," "hear[s] the evidence as to the acts complained of." 33 U.S.C. § 927(b). At the January 9 hearing, the parties shall be prepared to address whether and why the Court should not adopt the facts certified by Judge Mapes. The parties shall also be prepared to present evidence regarding the amount and frequency of disability benefits received by Olsen pursuant to the 1982 benefits award, Office of Workers' Compensation Programs claim number 13-056511.

**IT IS SO ORDERED.**

Dated:  December 11, 2007          CHARLES  R. BREYER
                                   UNITED STATES DISTRICT JUDGE